BLANCHARD, J. This is an appeal from an order directing the defendant Bonner to appear and be examined before trial, and to produce for the inspection of the plaintiff all writings referring to the relationship existing between the defendant Bonner and other persons with whom he is engaged in business under the firm name of "Robert Bonner's Sons." The complaint alleged that the defendant Bonner was a copartner with persons unknown to the plaintiff under the firm name of "Robert E. Bonner's Sons," and that the plaintiff delivered to the copartnership certain goods, and that the copartnership, although requested, has refused to redeliver these goods. The plaintiff obtained the order appealed from for the purpose of determining what person or persons should be joined with Bonner as codefendants in the action.

The complaint states a cause of action sounding in tort. Section 723 of the Code of Civil Procedure, which authorizes the court, in certain circumstances, to add the name of a party or to correct a mistake in such name, applies only to cases where such party is necessary or interested in the event of the action, which is not the case where two or more joint tort-feasors are severally liable. Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914; Ten Eyck v. Keller, 99 App. Div. 106, 91 N. Y. Supp. 169. Since the information sought by the order appealed from would be unavailing to the plaintiff, it follows that the order should be reversed, with $10 costs and disbursements.

Order reversed, with $10 costs and disbursements. All concur.

---

(52 Misc. Rep. 499.)

### CARNEY v. NEW YORK CITY RY. CO.

### HOWARD v. SAME.

(Supreme Court, Appellate Term. February 4, 1907.)

TRIAL—INSTRUCTIONS—APPLICABILITY TO FACTS.

Where defendant called no witnesses, and there is nothing in the record to indicate that there was any witness within the jurisdiction of the court or under defendant's control, at the time of the trial, whom defendant knew or could call upon to testify, it was error to charge that, where a party has evidence which he can produce and fails to do so, the presumption is that it is unfavorable to its cause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 596–602.]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Actions by Joseph L. Carney and by Louis C. Howard against the New York City Railway Company. Judgments for plaintiffs, and defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

William E. Weaver, for appellant.

Jacob M. Kram, for respondents.

GILDERSLEEVE, J. These are appeals from two judgments, one for $121.50 and the other for $436.50, entered in favor of the respective

plaintiffs, after a trial before the justice and a jury. The first judgment represents a recovery for personal injuries, and the 'second judgment is for damage to property. Both causes of action are based upon a collision between one of defendant's Fourteenth Street crosstown cars and an automobile owned by plaintiff Howard and operated by plaintiff Carney. A number of witnesses were called for plaintiffs, but the defendant called none. The court charged the jury, with regard to the omission of defendant to call witnesses, as follows:

"I charge you, gentlemen, that where a party has evidence which he can produce, and fails to do so, the presumption is that it is unfavorable to its case."

To this charge defendant excepted. We think the learned court fell into error which was seriously prejudicial to defendant. The inference which the jury presumably drew from this instruction was that defendant had evidence which it could produce, and failed to do so. There is nothing in the record to indicate that there was any witness of this accident within the jurisdiction of the court or under defendant's control, at the time of the trial, whom defendant's servants knew or could call upon to testify. It is undoubtedly true that where a litigant fails to produce a person known to be friendly to him, and who must have knowledge of the fact, and whose attendance can be obtained by the litigant, the jury may presume that the testimony of that person would not have been favorable to the party; and the same presumption arises where the party fails to interrogate a friendly witness produced by him at the trial relative to a material issue in the case, which must be deemed to have been within the knowledge of the witness (Milliman v. Railway Co., 3 App. Div. 109, 39 N. Y. Supp. 274), unless, of course, such testimony would be merely cumulative. But we do not think this principle covers the instruction in question.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

BLANCHARD, J., concurs.

DAYTON, J. (dissenting). At the close of a careful and impartial charge, wherein the fact that defendant had offered no testimony was not commented upon, defendant's attorney said:

"I ask your honor to charge the jury that no inference is to be drawn, except that the defendant does not consider that the plaintiff has made out a cause of action under the. rules of law, and is resting on the case as it stands, and that no inference is to be drawn from the fact that they did not put on witnesses."

The Court:

"I decline so to charge, and I charge you, gentlemen, that where a party has evidence which he can produce, and fails to do so, the presumption is that it is unfavorable to its case."

The defendant did not ask for the direction of a verdict, but went to the jury on plaintiffs' case. The trial judge had said nothing in his charge to invite the request here specified. There was an intimation in said request that defendant had witnesses, but did not consider that

plaintiffs had made out a cause of action. It seems to me, on the record, that said charge of the trial judge was proper.

I therefore cannot agree with my associates, and vote for affirmance of the judgments, with costs.